1  JOSEPH L. CHAIREZ, Bar No. 98698
   EMILY R. FRANK, Bar No. 232939
2  BAKER & HOSTETLER LLP
   600 Anton Boulevard, Suite 900
3  Costa Mesa, California 92626-7221
   Telephone:  714.754.6600
4  Facsimile:  714.754.6611

5  KENNETH J. SHEEHAN (pro hac vice)
   A. NEAL SETH (pro hac vice)
6  ANNETTE K. KWOK (pro hac vice)
   BAKER HOSTETLER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, D.C. 20036-1500
8  Telephone:  202.861.1500
   Facsimile:  202.861.1783

9
10 Attorneys for Plaintiff
   LDS TEST AND MEASUREMENT LLC
11
12 STEVEN R. MANCHESTER, Bar No. 45589
   MANCHESTER, WILLIAMS & SEIBERT
13 125 S. Market Street, Suite 1100
   San Jose, CA 95113-2286
14 Telephone:  408.287.6193
   Facsimile:  408.287.1554
15
16 Attorney for Defendant
   VICON TECH INTERNATIONAL, INC

17                    UNITED STATES DISTRICT COURT
18                    NORTHERN DISTRICT OF CALIFORNIA
19
20                           OAKLAND DIVISION
21

| | |
|---|---|
| 22  LDS TEST AND MEASUREMENT LLC, | Case No. C08 02465 SBA |
| 23           Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER OF PLAINTIFF AND DEFENDANT VICON TECH INTERNATIONAL** |
| 24    v. | |
| 25  VICON TECH INTERNATIONAL, INC.; ECON GROUP, INC.; HANGZHOU YIHENG TECHNOLOGIES CO., LTD, and DOES 1-10, inclusive, | |
| 26 | |
| 27           Defendants. | |
| 28 | |

Plaintiff LDS Test and Measurement LLC ("Plaintiff") and Defendant Vicon Tech International, Inc. ("Vicon") submit this Case Management Statement and Proposed Order.

## 1. Jurisdiction, Venue, and Service

This Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1338 and the Copyright Act, 17 U.S.C. § 101, *et seq.* No issue is believed to exist as to personal jurisdiction.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, *inter alia*, Plaintiff has a place of business in this district, Defendant Vicon has a place of business in this district, and a substantial part of the events giving rise to the claims occurred here, and the Defendants are subject to personal jurisdiction in this district.

Service is presently disputed among the parties. Defendant Hangzhou Yiheng Technologies Co., Ltd. ("HYT") did not file an Answer in this litigation. Plaintiff's counsel was contacted by HYT's U.S. counsel telephonically wherein HYT's counsel disputed that, contrary to Plaintiff's proof of service, service was not properly effected. Plaintiff and HYT are presently working together to resolve this issue, and, in parallel, Plaintiff has commenced the process for service on HYT through the procedures set forth in the Hague Convention. As this Court is aware, service of process through the Hague Convention procedures may take several months. Further, HYT's U.S. counsel has represented that he has not been authorized to accept service in the United States on HYT's behalf and further does not intend to participate in this action until HYT has been served.

Likewise, Defendant Econ Group, Inc. ("Econ") did not file an Answer in this litigation either. Upon information and belief, however, Plaintiff understands that "Econ" is an English name for HYT, and that the two are actually one entity. Plaintiff will seek to confirm the foregoing with HYT.

Defendant Vicon did not object to service and filed an Answer in this litigation.

## 2. Factual Events Underlying The Action

LDS develops, advertises, markets, and distributes a number of products directed to high quality vibration test systems, including the hardware and software involved in data acquisition,

recording, simulation, testing, analysis and reporting applications. This action arises out of Plaintiff's allegation that Defendants secretly took for themselves software code that belonged to Plaintiff LDS.

LDS developed, advertises, markets, and distributes products called Laser Shaker Control System and Comet Shaker Control System, both of which use the Shaker Control software. LDS holds a valid copyright in the Shaker Control software that was duly and properly registered with the United States Copyright Office. The corresponding user guide for the Shaker Control software was also duly and properly registered with the United States Copyright Office.

LDS developed, advertises, markets, and distributes a product called Dynamic Signal Analyzer, which uses RT Pro software. LDS holds a valid copyright in the RT Pro software that was duly and properly registered with the United States Copyright Office. The corresponding user guide for the RT Pro software was also duly and properly registered with the United States Copyright Office.

Mr. Zhang Wei Chen worked as a distributor for Dactron, a predecessor to LDS, through a company called Hangzhou Si-Hai Tong. Under agreements with Dactron, Chen sold Dactron Dynamic Signal Analyzers utilizing the RT Pro software in China, as well as privately-labeled Dactron Laser and Comet Shaker Control Systems utilizing the Shaker Control software. Chen worked at the Dactron office in Milpitas, California from approximately March to September 2000, and the nature of his work provided him access to the software source code for both the Shaker Control and RT Pro software.

Under the License Agreement for Shaker Control Software, Chen was not allowed to modify, reverse engineer or copy the software or accompanying materials, or rent or transfer the software. Upon information and belief, Chen misappropriated the software code for the RT Pro and Shaker Control software, possibly with the help of others.

Defendants Vicon, Econ, and/or HYT market, advertise, and distribute shaker control systems called "UCON Vibration Controller" and dynamic signal analyzers called "Avant Dynamic Signal Analysis System" in the United States that allegedly infringe Plaintiff's copyrights in the software and manuals.

3.  **Legal Issues**

The parties are presently unaware of any disputed points of law.

4.  **Motions**

No motions have been filed or are pending. Plaintiff anticipates filing motions for summary judgment that it believes should be dispositive. If not granted in their entirety, these motions may at least narrow the issues to be tried.

5.  **Amendment of Pleadings**

Depending on information confirming that Econ and HYT are the same entity, Plaintiff may amend its complaint as appropriate.

6.  **Evidence Preservation**

Counsel for Plaintiff has instructed its client to preserve documents and things relevant to the issues reasonably evident in this action. Defendant Vicon has done the same.

7.  **Disclosures**

The parties' initial disclosures under Fed. R. Civ. P. 26 are due on August 28, 2008.

8.  **Discovery**

   a.  **Discovery to date**

The parties have not commenced discovery. Given that Defendant Vicon has indicated that it is merely a distributor of HYT, Plaintiff hopes to take early and expedited discovery of Vicon to determine the scope of Vicon's involvement in the sale of infringing products, which Vicon has suggested originated from HYT.

   b.  **Discovery Plan**

Defendant Vicon has represented that it is merely a distributor of infringing products in the United States, but that the supplier and source of these products is HYT in China. As indicated above, HYT has not accepted service in the United States, and Plaintiff has taken steps to effect service through the Hague Convention procedures. This process can take up to several months. In the meantime, Plaintiff hopes to pursue discovery with Vicon to determine Vicon's role in the sale of the infringing products.

The parties have agreed to follow the Federal Rules of Civil Procedure with respect to the

number of interrogatories allowed, and rules governing document requests and requests for admission.

9. **Related Cases**

The parties are not aware of any related cases.

10. **Relief**

As set forth in its Complaint, Plaintiff requests hat the Court enter a judgment against Defendants finding that they have jointly and severably:

    a.    willfully infringed LDS's rights in federally registered copyrights;

    b.    willfully misappropriated LDS's trade secrets; and

    c.    otherwise injured the business reputation and business of LDS by the acts and conduct set forth in this Complaint.

Plaintiff has also asked that the Court issue permanent injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with the Defendants, be enjoined and restrained from:

    a.    imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials protected by LDS's copyrights;

    b.    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any software, item, or thing protected by LDS copyrights;

    c.    using any LDS registered copyrights in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion or display of any software program, item, and/or thing not authorized or licensed by LDS; and

    d.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through c above.

Plaintiff has also asked that the Court enter an order impounding all infringing software, and any related items, including business records, that are in Defendants' possession or control,

- 4 -

1  and ordering the remedial destruction of all impounded items.

2  Further, Plaintiff has requested that the Court enter an order declaring that Defendants jointly and severably hold in trust, as constructive trustee for the benefit of LDS, all monies received by Defendants from its distribution or sale of infringing software and/or materials, and issue temporary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all such profits and assets.

Plaintiff has further requested that the Court enter an order requiring Defendants to provide LDS a full and complete accounting of all profits received by Defendants from their distribution or sale of infringing software and/or materials, and of any other amounts due and owing to LDS as a result of Defendants' illegal activities. Additionally, Plaintiff has asked the Court to order Defendants to pay LDS's general, special, and actual damages, including Defendants' profits. Also, Plaintiff has asked that the Court order Defendants to pay to LDS the costs of this action and the reasonable attorney's fees incurred by LDS in prosecuting this action.

**11.  Settlement And ADR**

The parties have not yet reached an agreement regarding an ADR process, but are scheduled to participate in a telephone conference with a member of the ADR Legal Staff on September 2, 2008.

**12.  Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**13.  Other References**

The parties do not believe that the case is presently suitable for reference to binding arbitration, a special master, or the like.

**14.  Narrowing Of Issues**

The parties will seek to narrow the issues by agreement or motion for summary judgment as appropriate.

**15.  Expedited Schedule**

The parties will attempt to handle discovery on an expedited basis amongst themselves. Because HYT has apparently not accepted service in the United States, and service will have to

be made through the Hague Convention procedures, further expedition of the schedule may not be viable.

16. **Scheduling**

| Event | Deadline |
|---|---|
| Close of Discovery | September 1, 2009 |
| Parties to disclose and serve expert witness reports of expert witnesses on issues as to which parties bear the burden of proof | October 1, 2009 |
| Parties to disclose rebuttal expert witnesses and serve rebuttal expert reports, if different than experts already disclosed | November 2, 2009 |
| Close of Expert Discovery | December 1, 2009 |
| Last Day to File Motions for Summary Judgment | January 15, 2010 |
| Last Day for Hearing on Motions for Summary Judgment | April 1, 2010 |
| Parties serve and file Joint Pretrial Conference Statement and other pretrial filings | May 1, 2010 |
| Deadline for Motions in Limine and Objections to Evidence | June 1, 2010 |
| Deadline for Oppositions to Motions in Limine and Objections to Evidence | June 15, 2010 |
| Pretrial Conference | July 1, 2010 |
| Trial | July 15, 2010 |

17. **Trial**

The parties anticipate a 3-4 day jury trial.

18. **Disclosure Of Non-Party Interested Entities Or Persons**

Plaintiff filed its Certification of Interested Parties on May 14, 2008. Defendant Vicon will have done the same before the Case Management Conference. Plaintiff restates that other entities that have an interest, either financial or otherwise, in this action are SPX Corporation and LDS Test and Measurement Ltd.

///

Concurrence in the filing of this document has been obtained from counsel for Defendant Vicon.

Dated: August 28, 2008

BAKER & HOSTETLER LLP

*/s/ Emily R. Frank*
JOSEPH L. CHAIREZ, Bar No. 98698
EMILY R. FRANK, Bar No. 232939
600 Anton Boulevard, Suite 900
Costa Mesa, California 92626-7221
Telephone:   714.754.6600
Facsimile:   714.754.6611

KENNETH J. SHEEHAN (pro hac vice)
A. NEAL SETH (pro hac vice)
ANNETTE K. KWOK (pro hac vice)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-1500
Telephone:   202.861.1500
Facsimile:   202.861.1783

Attorneys for Plaintiff
LDS TEST AND MEASUREMENT LLC


MANCHESTER, WILLIAM & SEIBERT

*/s/ Steven R. Manchester*
Steven R. Manchester, Bar No. 45589
MANCHESTER, WILLIAM & SEIBERT
125 S. Market Street, Suite 1100
San Jose, CA 95113-2286
Telephone:   408.287.6193
Facsimile:   408.287.1554

Attorney for Defendant
VICON TECH INTERNATIONAL, INC.

**ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management order for the case and the parties are ordered to comply with this Order. Accordingly, the Court ORDERS to following schedule:

| Event | Deadline |
|---|---|
| Close of Discovery | September 1, 2009 |
| Parties to disclose and serve expert witness reports of expert witnesses on issues as to which parties bear the burden of proof | October 1, 2009 |
| Parties to disclose rebuttal expert witnesses and serve rebuttal expert reports, if different than experts already disclosed | November 2, 2009 |
| Close of Expert Discovery | December 1, 2009 |
| Last Day to File Motions for Summary Judgment | January 15, 2010 |
| Last Day for Hearing on Motions for Summary Judgment | April 1, 2010 |
| Parties serve and file Joint Pretrial Conference Statement and other pretrial filings | May 1, 2010 |
| Deadline for Motions in Limine and Objections to Evidence | June 1, 2010 |
| Deadline for Oppositions to Motions in Limine and Objections to Evidence | June 15, 2010 |
| Pretrial Conference | July 1, 2010 |
| Trial | July 15, 2010 |

Dated: _____    _____

United States District Judge

## PROOF OF SERVICE

I, Rachel Brown, declare:

I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Boulevard, Suite 900, Costa Mesa, California 92626-7221. On August 28, 2008, I served a copy of the within document(s):

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER OF PLAINTIFF AND DEFENDANT VICON TECH INTERNATIONAL**

☐ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Steven Rowe Manchester  
Manchester, Williams & Seibert  
125 S. Market Street, Suite 1100  
San Jose, CA 95113  
tele: 408.287.6193  
fax: 408.287.1554  
e-mail: smanchester@mwslaw.net  

Attorney for Defendant  
Vicon Tech International, Inc.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

///

1  I declare that I am employed in the office of a member of the bar of this court at whose
2  direction the service was made.
3  Executed on August 28, 2008, at Costa Mesa, California.

*/s/ Rachel Brown*
Rachel Brown

- 2 -